UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FREDDY LEYVA, CDCR #AW-1767, <br><br>                         Plaintiff, <br><br> vs. <br><br> SOTO; CDCR OFFICER NO. 2; DURAN; CDCR OFFICER NO. 3; SERGEANT RAMOS; OFFICER LOPEZ, <br><br>                         Defendants. | Case No.:  3:23-cv-0284-JES-BGS <br><br> **ORDER DISMISSING CLAIMS AGAINST DEFENDANTS AND DIRECTING U.S. MARSHAL TO EFFECT SERVICE OF FIRST AMENDED COMPLAINT UPON REMAINING DEFENDANTS PURSUANT TO 28 U.S.C. § 1915(d) AND FED. R. CIV. P. 4(c)(3)** |

I.  **Procedural History**

On February 9, 2023, Freddy Leyva, an inmate currently incarcerated at California Mens Colony (CMC) located in San Luis Obispo, California filed a civil rights Complaint (Compl.) pursuant to 42 U.S.C. § 1983 (ECF No. 1). In addition, Plaintiff filed a Motion to Proceed In Forma Pauperis (IFP) pursuant to 28 U.S.C. § 1915(a) (ECF No. 2).

The Court granted Plaintiff's Motion to Proceed IFP but sua sponte dismissed his Complaint for failing to state a claim pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b).

(ECF No. 9.) Specifically, Plaintiff raised excessive force issues arising from events that took place in 2018. (*See generally* Compl.) The Court found that Plaintiff's claims were subject to dismissal because they were barred by the applicable statute of limitations. (*See* ECF No. 9 at 5-6.) Nonetheless, the Court granted Plaintiff leave to file an amended complaint in order to allege facts to show the limitations period may be equitably tolled. (*See id.* at 7.) Plaintiff was also cautioned that if he filed an amended complaint, it must be "complete in itself without reference to his original pleading." (*Id.* at 9 citing S.D. Cal. CivLR 15.1; *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989)).

On April 28, 2023, Plaintiff filed his First Amended Complaint (FAC). (*See* ECF No. 10.)

## II.     Plaintiff's Factual Allegations in FAC

Plaintiff's FAC does not contain any specific factual allegations that he set forth in his original Complaint. However, he does attach and refer to a grievance that he filed on April 21, 2022, which addresses the allegations that give rise to this action. FAC at 16-17, Grievance CDCR Form 602-1, Log No. 248150. Therefore, the Court will look to this document and incorporate it by reference into Plaintiff's FAC.[1]

Plaintiff was previously housed at RJD in 2018. FAC at 16. Plaintiff claims Defendants Lopez and two unnamed correctional officers used "excessive force" against him by "kicking [him] on the ground and dragging [him] across the yard." *Id.* This was witnessed by Defendant Ramos, but she merely sent Plaintiff back to his cell and told him that he would not be receiving any medical attention. *Id.* Plaintiff filed a grievance

---

[1] "A copy of a written instrument that is an exhibit to a pleading is part of the pleading for all purposes." Fed. R. Civ. P. 10(c). In fact, even if a document is not attached to a complaint, it may be incorporated by reference into the complaint "if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim." *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003) (citing *Van Buskirk v. CNN, Inc.*, 284 F.3d 977, 980 (9th Cir. 2002); *Branch v. Tunnell*, 14 F.3d 449, 453-54 (9th Cir.1994), *overruled on other grounds by Galbraith v. County of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002)).

relating to this incident on August 19, 2018, but was approached by inmates a few days later who told him to drop the grievance. *Id* at 9, 16. Plaintiff refused, and these inmates began to punch and kick him. *Id.*

In response to Plaintiff's April 21, 2022, grievance, the Office of Appeals Decision indicates that "it appears appellant has brought a portion of this allegation in the past, [however] the Office of Appeals cannot support the rejection of this appeal based on being substantially duplicative." *Id.* at 12, Office of Appeals Decision dated July 2, 2022. They came to this conclusion because they found that Plaintiff had submitted a grievance related to these claims in 2018 which was assigned a log number, but they essentially could not determine whether there was ever a response to this grievance. *Id.* Further, Plaintiff alleges that from November 5, 2018, through June 24, 2021, he was hospitalized in a mental health care facility, "fighting for [his] own mental health." *Id.* at 8.

### III.  Legal Standards for Screening FAC Pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)

As the Court previously informed Plaintiff, because he is a prisoner and is proceeding IFP, his FAC requires a pre-Answer screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b). Under these statutes, the Court must sua sponte dismiss a prisoner's IFP complaint, or any portion of it, which is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune. *See Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (discussing 28 U.S.C. § 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b)). "The purpose of [screening] is 'to ensure that the targets of frivolous or malicious suits need not bear the expense of responding.'" *Nordstrom v. Ryan*, 762 F.3d 903, 920 n.1 (9th Cir. 2014) (quoting *Wheeler v. Wexford Health Sources, Inc.,* 689 F.3d 680, 681 (7th Cir. 2012)).

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668

F.3d 1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (noting that screening pursuant to § 1915A "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)"). Rule 12(b)(6) requires a complaint to "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (internal quotation marks omitted); *Wilhelm*, 680 F.3d at 1121.

A. **Statute of Limitations**

As stated above, the Court previously dismissed this action finding that it was clear from the face of Plaintiff's Complaint that his claims against all Defendants were barred by the applicable statute of limitations as all incidents were alleged to have occurred in 2018. The Ninth Circuit has held that the "applicable statute of limitations must be tolled while a prisoner completes the mandatory exhaustion process." *Brown v. Valoff*, 422 F.3d 926, 943 (9th Cir. 2005). In the grievance attached in support of his FAC, filed on April 21, 2022, the response by the Office of Appeals Decision indicates that "it appears appellant has brought a portion of this allegation in the past, [however] the Office of Appeals cannot support the rejection of this appeal based on being substantially duplicative." FAC at 12, Office of Appeals Decision dated July 2, 2022. It appears that Plaintiff has been pursuing the grievance since 2018 and the Office of the Appeals Decision had not yet reached a decision on the grievance. Nonetheless, Plaintiff has been diligently pursuing this claim for nearly five years and the lack of resolution of this matter was the product of forces beyond his control. Therefore, the Court finds that Plaintiff is entitled to tolling for the time that his 2018 grievance was pending, and his claims are therefore timely. *See Brown*, 422 F.3d at 943.

B. **42 U.S.C. § 1983**

Title 42 U.S.C. § 1983 provides a cause of action for the "deprivation of any rights, privileges, or immunities secured by the Constitution and laws" of the United States. *Wyatt v. Cole*, 504 U.S. 158, 161 (1992). To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the

United States was violated, and (2) that the alleged violation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Long v. Cty. of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006).

C. **Private Parties**

To the extent that Plaintiff seeks to sue two inmates, he cannot bring a claim against them under § 1983 because they are not alleged to act under color of state law. As stated above, liability under Section 1983 is limited to individuals "acting under the color of state law." *See West*, 487 U.S. at 48. Plaintiff does not allege that these inmates are state actors. "[P]rivate parties are not generally acting under color of state law," and the Court must engage in a "fact bound" analysis to decide if "the conduct allegedly causing the deprivation of a federal right [is] fairly attributable to the state." *Price v. State of Hawaii*, 939 F.2d 702, 707-08 (9th Cir. 1991) (quotation omitted).

Although there are several approaches to determining whether a private actor's actions are attributable to the state, most are clearly inapplicable to the conduct alleged by Plaintiff. Plaintiff does not allege any facts that might give rise to a plausible inference that Defendants entered into "an agreement or 'meeting of the minds' to violate [Plaintiff's] constitutional rights." *United Steelworkers of Am. v. Phelps Dodge Corp.*, 865 F.2d 1539, 1540-41 (9th Cir. 1989). Nor does Plaintiff contend that there is such "substantial coordination and integration" between Defendants and an unnamed state actor that they have a "symbiotic relationship." *See Brunette v. Humane Soc'y of Ventura Cnty.*, 294 F.3d 1205, 1213 (9th Cir. 2002). Plaintiff also does not allege that Defendants are engaged in functions that have been "'traditionally the exclusive prerogative of the state.'" *Id.* at 1214 (quoting *Rendell-Baker v. Kohn*, 457 U.S. 830, 842 (1982)).

Accordingly, Plaintiff's claim against Defendants Soto and "Duran's Cellie" must be dismissed sua sponte for failing to state a claim upon which Section 1983 relief can be granted pursuant to 28 U.S.C. Section 1915(e)(2)(B).

/ / /

/ / /

### D. Eighth Amendment claims against Defendants Ramos and Lopez

As to the remaining Eighth Amendment failure to protect and Eighth Amendment excessive force claims against Defendants Lopez and Ramos, the Court finds these claims survive the "low threshold" set for *sua sponte* screening pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b). *See Wilhelm*, 680 F.3d at 1123; *Iqbal*, 556 U.S. at 678; *see also Hudson v. McMillian*, 503 U.S. 1, 5, (1992) (unnecessary and wanton infliction of pain violates the Cruel and Unusual Punishments Clause of the Eighth Amendment); *Wilkins v. Gaddy*, 559 U.S. 34, 37 (2010) (per curiam) (for claims arising out of the use of excessive physical force, the issue is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm.") (citing *Hudson*, 503 U.S. at 7); *Farmer v. Brennan*, 511 U.S. 825, 837 (1994) (failure to protect claims under the Eighth Amendment require a showing that "the official [knew] of and disregard[ed] an excessive risk to inmate health or safety.").

Therefore, the Court will order the U.S. Marshal to effect service upon Defendants Lopez and Ramos on Plaintiff's behalf. *See* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process and perform all duties in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) ("[T]he court may order that service be made by a United States marshal or deputy marshal ... if the plaintiff is authorized to proceed in forma pauperis under 28 U.S.C. § 1915.").[2]

### IV.   Conclusion and Order

Good cause appearing, the Court:

1. **DISMISSES** all of Plaintiff's claims against Defendants Soto and Duran's Cellie for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b).

---

[2] Plaintiff is cautioned that "the sua sponte screening and dismissal procedure is cumulative of, and not a substitute for, any subsequent Rule 12(b)(6) motion that [a defendant] may choose to bring." *Teahan v. Wilhelm*, 481 F. Supp. 2d 1115, 1119 (S.D. Cal. 2007).

2. **DIRECTS** the Clerk to issue summonses as to Plaintiff's FAC (ECF No. 10) upon Defendants Ramos and Lopez and forward them to Plaintiff along with a blank U.S. Marshal Forms 285. In addition, the Clerk will provide Plaintiff with certified copies of the April 19, 2023 Order granting IFP status, certified copies of his FAC, and the summonses so that he may serve the Defendants. Upon receipt of this "IFP Package," Plaintiff must complete the Forms 285 as completely and accurately as possible, include an address where Defendants may be served, see S.D. Cal. Civ. L.R. 4.1.c, and return them to the United States Marshal according to the instructions the Clerk provides in the letter accompanying his IFP package.

3. **ORDERS** the U.S. Marshal to serve a copy of the First Amended Complaint and summons upon Defendants Ramos and Lopez as directed by Plaintiff on the USM Forms 285 provided, and to file executed waivers of personal service upon Defendants Ramos and Lopez with the Clerk of Court as soon as possible after their return. Should a Defendant fail to return the U.S. Marshal's request for waiver of personal service within 90 days, the U.S. Marshal shall instead file the completed Form USM 285 Process Receipt and Return with the Clerk of Court, include the date the summons, Complaint and request for waiver was mailed to that Defendant, and indicate why service upon the party remains unexecuted. All costs of that service will be advanced by the United States; however, if a Defendant located within the United States fails, without good cause to sign and return the waiver requested by the Marshal on Plaintiff's behalf, the Court will impose upon the Defendant any expenses later incurred in making personal service. *See* 28 U.S.C. § 1915(d); Fed. R. Civ. P. 4(c)(3).

4. **ORDERS** Defendants, once they have been served, to reply to Plaintiff's Complaint, and any subsequent pleading they may file in this matter in which they are named as parties, within the time provided by the applicable provisions of Federal Rule of Civil Procedure 12(a) and 15(a)(3). *See* 42 U.S.C. § 1997e(g)(2) (stating that while a defendant may occasionally be permitted to "waive the right to reply to any action brought by a prisoner confined in any jail, prison, or other correctional facility under

section 1983," once the Court has conducted its *sua sponte* screening pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and thus, has made a preliminary determination based on the face on the pleading that Plaintiff has a "reasonable opportunity to prevail on the merits," defendant is required to respond).

5. **ORDERS** Plaintiff, after service has been effected by the U.S. Marshal, to serve upon Defendants, or if appearance has been entered by counsel, upon Defendants' counsel, a copy of every further pleading, motion, or other document submitted for the Court's consideration pursuant to Fed. R. Civ. P. 5(b). Plaintiff must include with every original document he seeks to file with the Clerk of the Court, a certificate stating the manner in which a true and correct copy of that document was served on Defendants or their counsel, and the date of that service. *See* S.D. Cal. CivLR 5.2. Any document received by the Court which has not been properly filed with the Clerk, or which fails to include a Certificate of Service upon the Defendants, may be disregarded.

**IT IS SO ORDERED.**

Dated:  May 17, 2023

Honorable James E. Simmons, Jr.
Unites States District Judge